OPINION
{¶ 1} Appellant Eddy Butram appeals the decision of the Ashland County Court of Common Pleas that granted a civil stalking protection order petition, filed by Appellee Sarah Butram, against said appellant. The following facts give rise to this appeal.
 {¶ 2} This matter went before a magistrate on July 21, 2004, at which time the magistrate conducted a hearing upon civil stalking protection order petitions filed by appellant's spouse, Bonita Butram, against Appellee Sarah Butram, and two civil stalking protection order petitions filed by Appellee Sarah Butram against Appellant Butram and Bonita Butram. The testimony presented at the hearing indicates that the parties have, on repeated occasions, shown a lack of respect and civility toward one another. Examples of this conduct include yelling across the street to one another and making obscene gestures toward one another.
 {¶ 3} On October 21, 2004, the magistrate issued his decision granting the civil stalking protection order petition filed by Appellee Sarah Butram against appellant. In doing so, the magistrate found that "* * * the petitioner [Sarah Butram] has established by a preponderance of the evidence, that the respondent [appellant] has threatened the petitioner [Sarah Butram] with bodily harm on two or more occasions, and has acted in a manner * * * to cause the petitioner [Sarah Butram] temporary mental distress." Magistrate's Decision, Oct. 21, 2004, at 4. The magistrate denied the other two pending civil protection order petitions.
 {¶ 4} Neither party filed objections to the decision of the magistrate. On November 9, 2004, the trial court adopted the magistrate's decision noting that neither party had filed written objections. Judgment Entry, Nov. 9, 2004, at 1. Appellant timely filed a notice of appeal and sets forth the following sole assignment of error for our consideration:
 {¶ 5} "THE TRIAL COURT ERRED IN FINDING SUFFICIENT EVIDENCE UPON WHICH TO SUSTAIN OR MAINTAIN A CIVIL STALKING PROTECTION ORDER AGAINST APPELLANT, EDDY BUTRAM AND IN ISSUING SAID ORDER."
 I {¶ 6} Appellant Butram challenges the trial court's order affirming the magistrate's decision to grant the civil stalking protection order petition, filed by Appellee Sarah Butram, on the basis that it is against the sufficiency of the evidence. We will not address the merits of appellant's argument as appellant failed to preserve this issue for appeal.
 {¶ 7} Civ.R. 53(E)(3)(d) provides that:
 {¶ 8} "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 9} In the case sub judice, the record indicates and the trial court found that neither party filed objections to the magistrate's decision. Accordingly, by failing to timely object to the magistrate's decision, appellant is precluded from assigning as error on appeal the trial court's adoption of the magistrate's conclusions. See State ex rel. Booher v.Honda of Am. Mfg., Inc., 88 Ohio St.3d 52, 53, 2000-Ohio-269.
 {¶ 10} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 11} For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
Wise, J., Boggins, P.J., and Gwin, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed.
Costs assessed to Appellant.