OPINION
{¶ 1} Defendant-appellant, Asad Altabchi, appeals from judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his motion to dismiss the Civil Protection Order ("CPO") issued on October 31, 2003. Because defendant failed to present operative facts warranting dismissal of the CPO, we affirm.
 {¶ 2} Defendant and Mouna Wardeh, a married couple of Syrian nationality, moved to the United States in May 2000 to avail themselves of in vitro fertilization technology. Approximately a year after conceiving the couple's son, Abdulrahman Altabchi ("Abu"), Wardeh filed a complaint for divorce against defendant. While the divorce action was pending, Wardeh filed a separate petition in the Franklin County Court of Common Pleas, Division of Domestic Relations, requesting a domestic violence CPO against defendant.
 {¶ 3} The trial court initially issued a temporary CPO. After a full hearing, the court, on October 31, 2003, granted Wardeh and Abu a five-year CPO. In the judgment entry, the trial court found that, as a result of past threats and altercations, Wardeh was in fear of serious physical harm from defendant and had a legitimate fear that defendant might attempt to take Abu to Syria to gain permanent custody and control to the exclusion of Wardeh. On November 5, 2003, the trial court sua sponte issued an entry, pursuant to Civ.R. 60(A), amending the October 31, 2003 CPO. Defendant appealed the judgments (1) granting the CPO and (2) amending the CPO.
 {¶ 4} In the prior appeal of the matter, we concluded the trial court properly issued the original CPO but improperly amended it. Specifically, we noted that, although Civ.R. 60(A) authorizes a trial court to modify its judgments and orders, Civ.R. 60(A) does not authorize substantive changes. Wardeh v.Altabchi, 158 Ohio App.3d 325, 2004-Ohio-4423, at ¶ 9
("Altabchi I"). Because the trial court's November 5 entry made substantive changes to the October 31, 2003 CPO, we concluded the trial court exceeded the scope of its authority under Civ.R. 60(A), and we reversed the November 5, 2003 judgment entry. Id. at ¶ 12. We, however, upheld the October 31, 2003 judgment entry and original CPO. Id. at ¶ 44.
 {¶ 5} On December 22, 2004, defendant filed a motion to dismiss the October 31, 2003 CPO. The trial court held an oral hearing on February 14, 2005 on defendant's motion. Although defendant's motion was couched as a motion to dismiss, defendant sought relief from the CPO based upon newly discovered evidence. Since Civ.R. 60(B) presented the only means by which defendant could seek such relief in the trial court, the trial court presumably held the oral hearing pursuant to Civ.R. 60(B). SeeState ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151
(stating that if the Civ.R. 60[B] motion contains allegations of operative facts that would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion).
 {¶ 6} On February 16, 2005, the trial court entered judgment denying defendant's motion in its entirety. The court found the written materials submitted as exhibits, which were attached to defendant's motion and relied upon at the hearing, did not convince the court the CPO was not needed. Defendant timely appeals and assigns the following errors:
Assignment of error .1
The trial court abuse[d] its discretion and erred when she refuse[d] to hear about the first fact of placing CPO judge contradicts herself with Original finding fact [sic].
Assignment of error .2
The trial court committed reversible error when it did not dismiss the CPO after the credible evidence submitted.
Assignment of error .3
The trial court errod [sic] to the prejudice of the appellant — father by making statements which demonstrate that trial court could not impartially consider the appellant — father case and by conducting the judicial proceeding in a manner such that the integrity and independence of the judiciary was not preserved.
Assignment of error .4
The trail [sic] court errod [sic] when she consider and judge the case base[d] on her understanding about the culture in Syria not base[d] on the facts submitted on the case.
Assignment of error .5
The trial court errod [sic] when she insist her understanding about the middle east and ignore appellant trial to explain how the middle east state are different in Law.
Assignment of error .6
The trial court errod [sic] when punish the appellant — father for her understanding about the middle east and the law in there, father has nothing to do with that, father did not rule the law there and did not practice it as well.
Assignment of error .7
The trial court errod [sic] when she did not take in her consideration the best interest of the child.
Assignment of error .8
The trial court errod [sic] when judge did not read the motion filed for dismissing CPO.
Assignment of error .9
The trial court errod [sic] when judge act as a party not neutral.
 {¶ 7} Defendant's first, second, fourth, fifth, and sixth assignments of error are interrelated and will be discussed together. In his first assignment of error, defendant suggests the trial court abused its discretion when it refused to hear evidence challenging the validity of the CPO. Defendant claims he is entitled to relief based on newly discovered evidence that disproves Wardeh was in fear of imminent serious physical harm. In his second assignment of error, defendant suggests the trial court committed reversible error by not dismissing the CPO when defendant submitted credible evidence disproving its necessity. Defendant contends the changes in Syrian law prevent defendant from absconding with and gaining sole custody of Abu in Syria, and, thus, the trial court's reasoning for issuing the CPO is baseless. To the extent defendant's fourth, fifth, and sixth assignments of error relate to the court's application of Syrian family law, they will be analyzed with the second assignment of error.
 {¶ 8} Whether to grant a motion for relief from judgment is entrusted to the discretion of a trial court and, absent an abuse of discretion, an appellate court will not disturb a trial court's ruling. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. State ex. rel. Edwards v. ToledoCity School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107.
 {¶ 9} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph two of the syllabus. Civ.R. 60(B) relief is improper if any one of the foregoing requirements is not satisfied. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. Newly discovered evidence is one ground by which a movant can demonstrate entitlement to relief. Civ.R. 60(B)(2). In order to be newly discovered, the evidence could not have been discovered with due diligence at the time of the original hearing. Id.
 {¶ 10} In support of his claim of newly discovered evidence, defendant first attempted to present the testimony of Gerard Clouse, Abu's former guardian ad litem, to show that Wardeh was not in fear of imminent serious physical harm. The trial court halted Clouse's testimony when the testimony did not present new evidence. Because Clouse was available to testify at the time of the original CPO hearing, his testimony is not "newly discovered" evidence as defined in Civ.R. 60(B)(2). The trial court justifiably excluded the evidence from the hearing because it did not support relief under Civ.R. 60(B)(2). Defendant's first assignment of error is overruled.
 {¶ 11} Defendant's second assignment of error addresses defendant's attempt in the trial court to demonstrate through exhibits attached to his motion that Syrian law changed since the original CPO hearing. Before it ruled on defendant's motion, the trial court granted an oral hearing to verify the exhibits, including a letter from a Syrian lawyer and documents from government and other internet web sites. The court allowed defendant to explain how the changes in Syrian law negate Wardeh's fear that defendant might attempt to take Abu to Syria to gain permanent custody and control to the exclusion of Wardeh.
 {¶ 12} Defendant's newly discovered evidence did not persuade the trial court. During the oral hearing, the court specifically cited a portion of current Syrian law, attached to defendant's motion, that prevents a mother from traveling outside Syria with her child unless she gets permission from the child's father. The cited portion reinforced the court's position that defendant could prevent Wardeh from bringing Abu back to the United States if defendant took Abu to Syria for over a month. Thus, the court denied defendant's motion for relief. See Civ.R. 60(B).
 {¶ 13} Defendant had the burden to demonstrate how the newly discovered evidence entitled him to relief from the CPO. The court allowed defendant to present his exhibits in order to show the basis of the CPO no longer was warranted. Contrary to defendant's intentions, the exhibits did not persuade the trial court to dismiss the CPO but reinforced the court's reasoning for issuing the CPO in the first instance. Although defendant contends the trial court misinterpreted Syrian law, the trial court cited the specific language contained in defendant's exhibits as the reason for refusing to vacate the CPO. Because defendant's "newly discovered evidence" supports the trial court's decision, the court did not abuse its discretion by denying defendant's motion for relief from judgment.
 {¶ 14} Moreover, even if the changes in Syrian law objectively negated Wardeh's fear of losing custody of Abu as a result of defendant's flight to Syria, the newly discovered evidence does not negate the other reason for imposing the CPO: Wardeh's fear of physical abuse. Defendant's newly discovered evidence thus does not affect at least one of the trial court's basis for imposing the CPO, and defendant thus is unable to demonstrate a basis for his claim for relief.
 {¶ 15} Defendant's second assignment of error also seems to suggest the trial court's judgment denying defendant's motion for relief is against the manifest weight of the evidence, rather than an abuse of discretion. "Judgments supported by some competent, credible evidence going to all essential elements of the case" are not against the manifest weight of the evidence.Young v. Univ. of Akron, Franklin App. No. 04AP-318,2004-Ohio-6720, at ¶ 25, citing C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, paragraph one of the syllabus. Even if we apply a manifest weight of the evidence standard in our review of the trial court's judgment, defendant's contention fails for similar reasons.
 {¶ 16} The trial court denied defendant's motion for relief because defendant's newly discovered evidence did not obviate the court's reason for imposing the CPO in the first instance. To the contrary, the Syrian law, as defendant's own evidence demonstrates, reinforced the court's position. Since defendant submitted evidence undermining his own position, the trial court's judgment is supported by evidence submitted by not one, but both parties. The manifest weight of the evidence therefore supports the trial court's judgment continuing the CPO. Accordingly, defendant's second assignment of error, as well as his fourth, fifth, and sixth assignments of error to the extent they relate to the court's application of Syrian law, are overruled.
 {¶ 17} Defendants third, ninth and, in part, his fourth, fifth, and sixth assignments of error assert the trial court erred because the judge was biased, did not act as a neutral party, and adversely stereotyped the Middle Eastern and Syrian cultures. In these assignments of error, defendant contends the trial judge made several misguided statements about the Syrian culture in both the original CPO hearing and the subsequent motion hearing that reflected the judge's bias toward defendant and lack of impartiality in the proceedings. Defendant contends the trial court's comments compromised the integrity and independence of the proceedings and prevented him from receiving a fair hearing.
 {¶ 18} Defendant essentially asserts the same allegations of bias against the trial court that he made in his first appeal. See Altabchi I, at ¶ 19. As we previously held, the Ohio Supreme Court pursuant to R.C. 2701.03, not the court of appeals, has the authority to determine a claim that a common pleas court judge is biased or prejudiced. Altabchi I, at ¶ 21, citingState v. Scruggs, Franklin App. No. 02AP-621, 2003-Ohio-2019, at ¶ 15. If defendant believed the trial judge was biased or prejudiced against him, his remedy was to file an affidavit of disqualification for prejudice with the clerk of the Ohio Supreme Court. Id. R.C. 2701.03 "provides the exclusive means by which a litigant may claim that a common pleas judge is biased or prejudiced." Scruggs, at ¶ 15.
 {¶ 19} Here, with specific instructions and ample opportunity to disqualify the trial judge for alleged prejudice, defendant failed to file an affidavit with the Ohio Supreme Court as provided in R.C. 2701.03. Although some of the trial judge's remarks were overly general in regard to Syrian law and culture as they relate to defendant's case, any review of defendant's allegations regarding the trial judge's bias is a function of the Supreme Court. Accordingly, defendant's third and ninth assignments of error, as well as the additional arguments asserted in his fourth, fifth, and sixth assignments of error, are overruled.
 {¶ 20} Defendant's seventh assignment of error asserts the trial court erred because it did not consider the best interest of Abu when it dismissed defendant's motion for relief. Defendant contends that Abu's best interest is in being reared by both his father and mother, and that neither parent should have the right to exclude the other from raising Abu.
 {¶ 21} The court dismissed defendant's motion for relief because defendant's newly discovered evidence did not change the basis for issuing the CPO in the first instance. Although Abu's well-being may have been a factor for the court to consider when deciding whether to grant the original CPO, it was not determinative when the court ruled on a motion for relief from judgment. Instead, the court narrowly considered whether the newly discovered evidence demonstrated that defendant was entitled to relief from the CPO. Because defendant's newly discovered evidence did not negate the court's basis for granting the CPO, the court properly overruled defendant's motion for relief from judgment under Civ.R. 60(B). Defendant's seventh assignment of error is overruled.
 {¶ 22} Defendant's eighth assignment of error asserts the trial court erred by not reading defendant's motion to dismiss the CPO. Defendant, however, fails to set forth one scintilla of evidence supporting his allegation. To the contrary, the record reveals the court made several references to specific portions of defendant's brief, references that could only be ascertained by reading defendant's brief. Because the evidence indicates the trial court both read and understood defendant's motion, defendant's eighth assignment of error is overruled.
 {¶ 23} Having overruled all of defendant's nine assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
Petree and Sadler, JJ., concur.