OPINION
{¶ 1} This is an appeal by respondent-appellant, Melanie Lynn Ball, from a judgment of the Franklin County Court of Common Pleas, granting the petition of petitioner-appellee, Mary Kay Dickson, for a stalking civil protection order ("SCPO") against appellant.
 {¶ 2} On June 1, 2004, appellee filed a petition for a SCPO against appellant, in which appellee requested relief on behalf of herself and her two children. The matter came for hearing before a magistrate of the trial court on June 28, 2004.
 {¶ 3} During the hearing, appellee testified that appellant had engaged in various acts of harassment against her because of appellee's relationship with Troy Ragland, an individual with whom appellant had also had a dating relationship. Following the presentation of evidence, the magistrate determined that appellee had presented evidence establishing a pattern of conduct sufficient to issue an SCPO against appellant. By judgment entry filed June 30, 2004, the trial court granted an SCPO against appellant, to be in effect until June 30, 2009, granting protection to appellee and her two children.
 {¶ 4} On October 8, 2004, appellant filed a motion to set aside the June 30, 2004 judgment on the basis of new evidence. By decision and entry filed February 4, 2005, the court denied appellant's motion to set aside the judgment.
 {¶ 5} On appeal, appellant sets forth the following two assignments of error for review:
ASSIGNMENT OF ERROR NO. 1:
A TRIAL COURT ABUSES ITS DISCRETION WHERE IT FAILS TO ACKNOWLEDGE THE EXISTENCE OF NEW EVIDENCE PURSUANT TO CIV. R. 60(B), WHERE SUCH NEW EVIDENCE COULD NOT HAVE BEEN DISCOVERED DURING THE PENDENCY OF THE UNDERLYING MATTER.
ASSIGNMENT OF ERROR NO. 2:
THE DETERMINATION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 6} Under her first assignment of error, appellant asserts the trial court erred in failing to set aside the June 30, 2004 judgment granting appellee's petition for an SCPO. Appellant argues that events occurring subsequent to the hearing before the magistrate and the court's issuance of the SCPO undermined appellee's credibility, thereby warranting relief under Civ.R. 60(B)(2) and/or (5).
 {¶ 7} Civ.R. 60(B) provides in part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *
 {¶ 8} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, a movant must demonstrate: "(1) the existence of a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the timeliness of the motion." In the Matter of: Yates, Hocking App. No. 05CA19, 2006-Ohio-2761, at ¶ 12. Further, the question whether relief should be granted under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and such determination should only be reversed upon a showing of an abuse of discretion. Id., at ¶ 13.
 {¶ 9} In her motion to vacate, appellant argued that, subsequent to the trial court's grant of the SCPO, appellee made additional claims that appellant was harassing her; more specifically, that appellant harassed her on three separate occasions, resulting in appellant being charged with three new criminal cases in the Franklin County Municipal Court. Appellant argued that the court eventually dismissed all three charges, and that the court's dismissal of the charges constituted new evidence supporting appellant's defense at the hearing that appellee fabricated claims that appellant harassed her.
 {¶ 10} The trial court, in denying appellant's motion to vacate, held in pertinent part:
The gist of Respondent's argument is that the * * * evidence would prove that Petitioner fabricated claims about violations of the protective order. Respondent then jumps to the conclusion that since Petitioner fabricated claims about violations of the order, the Court should find that she fabricated the allegations that were the basis of the order.
The Court will not jump to such a conclusion. First, the Court is mindful that the standard of proof needed to obtain a conviction in a criminal case is "beyond a reasonable doubt." On the other hand, a lesser standard of proof, a preponderance of the evidence, is needed to obtain a protection order under R.C.2903.214. The dismissal of the criminal charges in Municipal Court does not tend to prove that Petitioner fabricated her claims. There are countless possible explanations for the dismissals, one of which is that the prosecutor believed the violations occurred but did not believe they could be proven beyond a reasonable doubt.
It requires a greater stretch to suggest that Respondent's evidence tends to prove that the events testified to by Petitioner did not occur prior to the issuance of the Protection Order. Respondent testified before the magistrate, as did several witnesses in her support. The magistrate found Petitioner proved by a preponderance of the evidence that a Protection Order was warranted. Respondent's argument is similar to the defendants' argument in Marino [v. Marino (Dec. 3, 1998), Cuyahoga App. No. 73698] — that different individuals made contrary credibility determinations after the trial, and therefore relief from judgment should be granted. This Court concludes, as did theMarino court, that evidence of this type neither satisfies the "newly discovered evidence" standard of Civ.R. 60(B), nor does it satisfy the first prong of the GTE test requiring a meritorious defense or claim to present if relief were granted.
 {¶ 11} Upon review, we find no abuse of discretion by the trial court. In order to be granted relief under Civ.R. 60(B)(2), a moving party must demonstrate that: "(1) the evidence was actually `newly discovered,' that is, it must have been discovered subsequent to trial; (2) the movant exercised due diligence; and (3) the evidence is material, not merely impeaching or cumulative, and that a new trial would probably produce a different result." Cominsky v. Malner, Lake App. No. 2002-L-103, 2004-Ohio-2202, at ¶ 20.
 {¶ 12} In the instant case, appellant's motion to vacate sought to show that appellee's conduct subsequent to the hearing and issuance of the SCPO constituted newly discovered evidence that could be used to challenge her credibility at the hearing. However, we agree with the trial court's determination that appellant's attempt to present such evidence to challenge or impeach the credibility of a witness does not constitute newly acquired evidence under Civ.R. 60(B)(2), nor would it warrant relief under the "catch-all" provision of Civ.R. 60(B)(5). SeeStanley v. Stanley (Sept. 15, 1993), Summit App. No. 16093 ("evidence which serves only to impeach the credibility of witnesses will not form the basis for relief from judgment under Civ.R. 60[B][2]"); Reich v. Ohio Dept. of Transp. (Feb. 15, 1989), Medina App. No. 1719 (trial court did not abuse discretion in denying motion to vacate based upon appellant's claim of newly discovered evidence directly impacting credibility of witnesses at hearing; evidence that is merely impeaching does not satisfy the requirement of Civ.R. 60[B][2]); Cominsky, supra.
 {¶ 13} We further note that a review of the record indicates that appellant had the opportunity to attack the credibility of appellee at the hearing. Finally, we agree with the trial court that the prosecutor could have made the decision to dismiss the charges before the municipal court for any number of reasons, including, as noted by the trial court, the fact that the state's burden is higher for a criminal conviction than the standard of proof a petitioner must meet in order for a trial court to issue an SCPO order.
 {¶ 14} Finding no abuse of discretion by the trial court in denying appellant's Civ.R. 60(B) motion, the first assignment of error is hereby overruled.
 {¶ 15} Under the second assignment of error, appellant contends that the trial court's decision to grant the SCPO was against the "manifest weight" of the evidence. Under this assignment of error, appellant essentially contends that the witnesses presented on behalf of appellee were not credible.
 {¶ 16} The record in this case, however, fails to show that appellant filed objections to the magistrate's decision. Pursuant to Civ.R. 53(E)(3)(d), a party may not assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law unless that party has objected to such finding or conclusion. Butram v. Butram, Ashland App. No. 04 COA 084,2005-Ohio-5469, at ¶ 8. Appellant's failure to timely object to the magistrate's decision precludes her from assigning on appeal the trial court's entry adopting the magistrate's decision. Id.
 {¶ 17} Furthermore, this court has reviewed the transcript of proceedings and, even assuming the issue to be properly before this court, we would find no merit to appellant's argument. In the present case, the magistrate found that appellee established, by a preponderance of the evidence, a pattern of conduct by appellant causing appellee to believe appellant would cause her serious physical harm in violation of R.C. 2903.214. In this respect, the magistrate found particularly persuasive Ragland's testimony that he observed appellant appear at appellee's residence uninvited, and that, on several different occasions, appellant threatened appellee and her children with physical harm. Here, there was competent, credible evidence to support the trial court's issuance of the SCPO.
 {¶ 18} Accordingly, appellant's second assignment of error is overruled.
 {¶ 19} Based upon the foregoing, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Klatt, P.J., and McGrath, J., concur.