OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Ali Gill, from a judgment of the Ohio Court of Claims, in which that court denied appellant's October 4, 2004, motion for relief from judgment. For the reasons that follow, we affirm.
 {¶ 2} Appellant is an inmate of the Ohio Department of Rehabilitation and Correction, and is housed by appellee, Grafton Correctional Institution ("GCI"). On November 19, 2001, appellant was injured when he fell from his bunk at GCI. He subsequently filed suit against GCI on the theory of negligence, claiming that GCI knew of previously diagnosed medical conditions that required that appellant be given a bottom bunk. GCI admitted liability and the issues of causation and damages were tried before a magistrate on June 16, 2003.
 {¶ 3} On June 14, 2004, the magistrate rendered a decision recommending that judgment be entered in favor of appellant in the amount of $1,250. The court adopted the magistrate's decision through a judgment entry journalized on August 16, 2004. Neither party filed an objection to the magistrate's decision, nor was any appeal taken from the court's August 16, 2004 judgment entry.
 {¶ 4} On October 4, 2004, appellant filed a motion for relief from judgment, alleging that newly discovered evidence and/or mistake or excusable neglect required that the court vacate the judgment and order a new trial. Specifically, appellant alleged that, after the conclusion of his trial, he received a letter from Elyria Memorial Hospital, where he was treated after his fall, indicating that GCI had never requested appellant's records from the hospital.
 {¶ 5} He argued that this mandates a new trial because GCI's expert witness, Dr. Robinson, testified at trial that no causal relationship existed between appellant's maladies and his fall, and that the doctor had formed this opinion after reviewing all of appellant's relevant medical records. Appellant argued that the letter demonstrates that Dr. Robinson was untruthful and perpetrated a fraud on the court, and that a new trial would afford him the opportunity to impeach Dr. Robinson's testimony with the revelation contained in the letter.
 {¶ 6} The trial court rejected this argument, finding that appellant had failed to demonstrate mistake or excusable neglect in not obtaining this information earlier. The court also found that appellant had failed to show that he was unavoidably prevented from discovering this "newly discovered evidence" either during pretrial discovery or within a reasonable time after the conclusion of the trial. Upon denial of his motion for relief from judgment, appellant appealed, and asserts four assignments of error for our review:
FIRST ASSIGNMENT OF ERROR
The Court Erred when it failed to find the tendered new evidence to be: "Newly Discovered Evidence". [sic]
SECOND ASSIGNMENT OF ERROR
The Court erred when it permitted Respondent/Defendant State of Ohio to get away with a fraud on the Court.
THIRD ASSIGNMENT OF ERROR
The Court erred when it failed to give Appellant, a lay, inmate litigant, the benefit of liberal construction of his Pleadings and failed to apply Ohio's Civil Rule 60(B)(3) which was directly on point, and instead poked holes in his bona fide claim under Rules 60(B)(1) (2).
FOURTH ASSIGNMENT OF ERROR
The Honorable Trial Court erred by failing to ensure plaintiff/Appellants Constitutionally Guaranted [sic] right to Equal Protection under the 14th Amendment to the American Constitution. Here, through cross examination and the process of the trial.
 {¶ 7} Appellant's first and second assignments of error are related and will be addressed together. They raise the issue of the propriety of the court's finding that appellant was not entitled to relief from judgment on either ground specified in his motion.
 {¶ 8} A judgment denying a motion for relief from judgment pursuant to Civ.R. 60(B), will not be reversed absent an abuse of discretion.Countrywide Homes Loans v. Barclay, 10th Dist. No. 04AP-170,2004-Ohio-6359, at ¶ 8. Abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. To constitute an abuse of discretion, "the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." Keatonv. Purchase Plus Buyers Group, Inc. (2001), 145 Ohio App.3d 796, 805,764 N.E.2d 1043.
 {¶ 9} Civ.R. 60(B) provides the method by which a party may obtain relief from a final judgment. Civ.R. 60(B) provides, in pertinent part, as follows:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
 {¶ 10} In order to prevail on a motion for relief for judgment, pursuant to Civ.R. 60(B), the movant must demonstrate that: (1) he has a meritorious claim or defense; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) his motion for relief is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146, 1 O.O.3d 86,351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 11} Nothing requires that a Civ.R. 60(B) motion be supported by an affidavit or other evidence given under oath. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20-21, 520 N.E.2d 564. However, in order to prevail on a motion for Civ.R. 60(B) relief, "[t]he movant must establish the [GTE] requirements by operative facts presented in a form that meets evidentiary standards such as affidavits, depositions, transcripts of evidence, written stipulations or other evidence given under oath." Countrywide Homes Loans, supra, at ¶ 9; Fields Excavating,Inc. v. Welsh Electric Co., 10th Dist. No. 04AP-150, 2005-Ohio-708, at ¶ 8.
 {¶ 12} Appellant attached to his motion for relief from judgment his own affidavit in which he averred the authenticity of the letter he received from Elyria Memorial Hospital. The letter, dated August 3, 2004 (over one year after trial) indicates, "[p]er your inquiry regarding any records requested by Grafton Correctional Institute [sic]. No MRIs or records have been requested directly by G.C.I." Appellant argues that the letter proves that Dr. Robinson never reviewed all of appellant's medical records and, consequently, the latter's testimony "was entirely fabricated, in a blatant attempt to perpetrate a fraud on this Honorable Court." (Oct. 4, 2004 Motion for Relief from Judgment, at 2.)
 {¶ 13} We perceive no abuse of discretion in the trial court's finding that appellant failed to demonstrate that he had a meritorious claim to present if relief were granted. The only fact proven by the letter attached to appellant's motion is that GCI itself never requested any of appellant's hospital records. This falls far short of proving, as appellant contends, that Dr. Robinson's testimony was "entirely fabricated." GCI's counsel, or Dr. Robinson himself, could have obtained appellant's complete hospital record upon presentation of a proper release. There is no allegation or sworn statement to the effect that neither GCI's counsel nor Dr. Robinson possessed such a release, and that they could not have obtained records themselves for the doctor's review. Appellant has not presented evidence that Dr. Robinson lied when he testified he had reviewed appellant's complete hospital file in forming his opinion on the issue of causation. Accordingly, appellant failed to meet the first prong of the GTE test set forth above.
 {¶ 14} Appellant has also failed to meet the second prong of the GTE test because he has not demonstrated mistake or excusable neglect under Civ.R. 60(B)(1), nor has he shown that his evidence was "newly discovered" for purposes of Civ.R. 60(B)(2).
 {¶ 15} The Supreme Court of Ohio has held, "where the movant alleges inadvertence and excusable neglect as grounds for relief from judgment under Civ.R. 60(B)(1), but does not set forth any operative facts to assist the trial court in determining whether such grounds exist, the court does not abuse its discretion in denying the motion for relief from judgment." Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,520 N.E.2d 564, syllabus. In appellant's case, both his memorandum in support of his motion for relief from judgment, and his affidavit attached thereto, are devoid of operative facts that would assist the court in determining whether mistake or excusable neglect resulted in appellant not having presented at trial any information regarding the fact that GCI never requested appellant's hospital records. Because appellant did not provide any operative facts relative to his claim of mistake or excusable neglect, he failed to demonstrate entitlement to relief pursuant to Civ.R. 60(B)(1).
 {¶ 16} In order to be "newly discovered" evidence for purposes of Civ.R. 60(B), the evidence must not have been discoverable with due diligence at the time of the original hearing. See Civ.R. 60(B)(2). In the present case, the fact of whether or not GCI itself had ever requested appellant's hospital records was discoverable prior to trial, since GCI would have had to make such a request long before the commencement of trial in order to allow its expert to make use of the records therein. Appellant fails to explain why he could not have procured this information prior to the June 2003 trial and why, instead, it took him over one year thereafter to do so.
 {¶ 17} Moreover, appellant could have simply gone through each part of his hospital record with Dr. Robinson at trial, and inquired whether the witness had in fact reviewed each part thereof. In this manner, appellant could have determined at trial whether Dr. Robinson had reviewed the entire file. Because appellant could have determined prior to trial, or at the very latest, at trial, what Dr. Robinson had reviewed in forming his opinion, appellant did not demonstrate that he is entitled to relief from judgment due to "newly discovered" evidence.
 {¶ 18} Because appellant has failed to meet the first and second prongs of the GTE test for entitlement to relief from judgment pursuant to Civ.R. 60(B), the trial court did not abuse its discretion in denying his motion. Accordingly, appellant's first and second assignments of error are overruled.
 {¶ 19} In his third assignment of error, appellant argues that the trial court should have construed his motion to include a request for relief under Civ.R. 60(B)(3), which provides relief from a final judgment obtained through fraud, even though no such request was included in appellant's motion. He claims that his status as a pro se litigant entitles him to such interpretation of his motion. We reject this contention.
 {¶ 20} Although an individual has the right to represent himself and may proceed into litigation as a pro se litigant, he is required to follow the same procedure and court rules as an individual trained in the law. Justice v. Lutheran Social Services of Central Ohio (Apr. 8, 1993), 10th Dist. No. 92AP-1153. A pro se civil litigant is not to be accorded greater, or lesser, rights because of pro se status. McShane, Breitfeller Witten v. Blinn (Sept. 17, 1992), 10th Dist. No. 92AP-86, citingMeyers v. First Natl. Bank (1981), 3 Ohio App.3d 209, 210, 3 OBR 238, 444 N.E.2d 412. Thus, pro se civil litigants "must accept the results of their own mistakes and errors." Meyers, supra, at 210.
 {¶ 21} Moreover, "[t]he trial court has the discretion to consider motions as written[.]" State v. Johnson (Feb. 26, 1998), 10th Dist. No. 97APA06-768. This is especially true where, as here, the liberal construction urged by the movant would result in nothing more than denial of relief on yet another unmeritorious ground. Accordingly, the trial court in the instant case did not abuse its discretion in failing to construe appellant's motion as a request for relief under Civ.R. 60(B)(3). For this reason, appellant's third assignment of error is overruled.
 {¶ 22} In his fourth and final assignment of error, appellant seems to be arguing that the trial court infringed upon his right to equal protection of law, applicable to the states through the Fourteenth
Amendment to the United States Constitution, by failing to afford him the opportunity, through a new trial, to cross-examine Dr. Robinson about his review of appellant's hospital records. This argument is wholly without merit, since, as we noted above, appellant could have cross-examined Dr. Robinson about such facts during the trial that has already been held. Insofar as appellant did not derive the full benefit of the right to cross-examine witnesses at the trial of this cause, it was appellant — not the trial court — who caused such a circumstance. Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 23} Having overruled all of appellant's assignments of error, we affirm the judgment of the Ohio Court of Claims.
Judgment affirmed.
Brown, P.J. and Klatt, J., concur.