[Cite as *Gallick v. Franklin Cty. Bd. of Revision*, 2019-Ohio-485.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John J. Gallick, | : | |
| Appellant-Appellant, | : | No. 17AP-811 |
| v. | : | (BTA No. 2016-405) |
| Franklin County Board of Revision et al., | : | (REGULAR CALENDAR) |
| Appellees-Appellees. | : | |
| John J. Gallick, | : | |
| Appellant-Appellant, | : | No. 17AP-812 |
| v. | : | (BTA No. 2016-406) |
| Franklin County Board of Revision et al., | : | (REGULAR CALENDAR) |
| Appellees-Appellees. | : | |

## D E C I S I O N

### Rendered on February 12, 2019

**On brief:** *John J. Gallick*, pro se. **Argued:** *John J. Gallick.*

**On brief:** *Rich & Gillis Law Group, Mark H. Gillis,* and *Richelle L. Thoburn,* for appellee Board of Education of the Columbus City School District. **Argued:** *Richelle L. Thoburn.*

APPEALS from the Ohio Board of Tax Appeals

LUPER SCHUSTER, J.

{¶ 1} Appellant, John J. Gallick, appeals from an Ohio Board of Tax Appeals ("BTA") decision finding that the true values of two properties owned by Gallick are best reflected by the values initially determined by the Franklin County Auditor. For the following reasons, we affirm the BTA's decision.

## I. Facts and Procedural History

{¶ 2}   At issue in this matter is the value of the subject properties for tax purposes as of January 1, 2014.  At issue are multi-family residential rental properties located at 1580-86 Loretta Avenue, Columbus, Ohio ("Loretta Avenue property"), and 1701 E. Livingston Avenue, Columbus, Ohio ("Livingston Avenue property").  Gallick purchased the properties in 2009.  The Loretta Avenue property has 4 rental units, and the Livingston Avenue property has 12 rental units.  For the 2014 tax year, the county auditor valued the Loretta Avenue property at $115,000 and the Livingston Avenue property at $216,000.  The property record card for the Loretta Avenue property indicates the auditor used both the cost and market data (gross rent multiplier "GRM") approaches to determine the property's value, and the property record card for the Livingston Avenue property indicates the auditor used the cost approach to determine that property's value.  Gallick, as owner of the properties, filed complaints with the Franklin County Board of Revision ("BOR"), seeking value reductions to $28,500 and $48,000, respectively.  The Columbus City Schools Board of Education ("BOE") filed counter-complaints in support of the auditor's valuations.

{¶ 3}   At the hearing before the BOR, Gallick generally discussed the neighborhoods of the subject properties.  He indicated the subject properties are in high crime areas, and there are high vacancy rates because of the difficulty in bringing in qualified tenants.  He also submitted information regarding five comparable properties that he had purchased since 2012.  He argued the properties should be valued consistent with the price per rental unit of the comparable properties.  The BOE asserted that Gallick's discussion of crime in the neighborhoods did not explain exactly how that condition affected the values of the subject properties, and that Gallick did not make the necessary value adjustments to the comparable properties to reach values for the subject properties.

{¶ 4}   In February 2016, the BOR issued a decision reducing the value of the Loretta Avenue property to $60,200, and a separate decision reducing the value of the Livingston Avenue property to $152,500.  To reach these values, the BOR applied a GRM to the asking rents for the subject properties.  Both Gallick and the BOE appealed these decisions to the BTA.

{¶ 5}   The BTA consolidated the appeals and heard the matter in October 2016.  At the hearing before the BTA, Gallick challenged the basis for the BOR's decisions and argued

for further reductions based on comparable sales information and negative neighborhood conditions. Gallick again testified regarding crime in the areas of the subject properties and submitted information regarding five multi-family rental properties that he had purchased since April 2012. These five properties range in size from 4 rental units to 58 rental units, and contain either one or two bedroom units. All seven of the properties are within a few miles of downtown Columbus. One of the five comparable properties identified by Gallick is nearby the Livingston Avenue property, but otherwise these comparable properties are at least one mile from the Livingston Avenue property and three miles from the Loretta Avenue property.

{¶ 6} In August 2017, the BTA filed an initial decision resolving the dispute. The BTA rejected Gallick's arguments and affirmed the BOR's valuations of the subject properties for 2014 based on its finding that the BOE had not proven new values different than those determined by the BOR. Gallick moved for reconsideration, seeking to present new evidence concerning agreed-upon values for the subject properties for tax years 2011, 2012, and 2013. He also argued that the BTA erred in not finding he had offered sufficient evidence to prove lower valuations than the auditor determined. In opposition to Gallick's motion, the BOE argued that Gallick was simply attempting to reargue his case and that Gallick's request to introduce new evidence lacked merit because it would be inappropriate for the BTA to consider values agreed-upon through mediation for different tax years. However, the BOE also argued for the reinstatement of the auditor's originally assessed values, asserting the BTA's decision was inconsistent with *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 151 Ohio St.3d 458, 2017-Ohio-5823 ("*Chess*"), which stated that "case law has repeatedly instructed the BTA to eschew a presumption of the validity of the BOR's value and instead to perform its own independent weighing of the evidence in the record." *Id.* at ¶ 7.

{¶ 7} The BTA rejected Gallick's request to consider new evidence and noted it already had fully considered the sufficiency of Gallick's evidence in its decision. Thus, it denied Gallick's motion for reconsideration. However, the BTA agreed with the BOE's argument that it failed to fully consider the *Chess* decision and therefore vacated its August 2017 decision. In connection with briefing the applicability of the *Chess* decision, Gallick

submitted documentation and information regarding additional comparable properties that had not previously been submitted to the BTA for consideration.

{¶ 8} After permitting the parties to submit written arguments concerning the applicability of the *Chess* decision, the BTA issued a decision in October 2017 reinstating the auditor's values for the subject properties. The BTA found that the BOR's valuation decisions based on application of a GRM was not supported by the record and thus those valuations did not constitute competent and probative evidence of value. And pursuant to *Chess*, the BTA independently determined the weight, if any, to give to the evidence in the record. Based on its review, the BTA found that the evidence Gallick submitted did not constitute probative evidence that would permit it to independently determine value for the subject properties. In the absence of other probative evidence from which it could independently determine value, the BTA found the auditor's values to be the appropriate default values. Consequently, the BTA ordered that, as of January 1, 2014, the true values of the subject properties were $115,000 and $216,000.

{¶ 9} Gallick timely appeals. This matter was orally argued and submitted to this court on September 18, 2018. The same day, Gallick submitted various documents containing information relating to the properties at issue. These documents are not part of the record and therefore will not be considered in our disposition of this matter. *See Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13 ("a bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial"); R.C. 5717.04 (requiring the filing with appellate court of the record of BTA proceedings).

## II. Assignments of Error

{¶ 10} Gallick assigns the following errors for our review:

> [1.] The decisions rendered by the BOR and BTA were unreasonable and unlawful and require reversal for one or more of the following reasons:
>
> [a.] The BTA and BOR erred by failing to assign the proper weight to Appellant's offering of his comparable properties as an appraisal for purposes of lowering the Auditor's property valuation in line with the values of comparable properties.

[b.] The BTA and BOR erred by failing to consider the negative conditions in the neighborhoods surrounding the properties under tax review that warrant a reduction in value by the Auditor when the negative conditions make it impossible for the Appellant to maintain a consistent rental market and the rental rates are lower than the high values issued by the Auditor.

[c.] The BTA and the BOR erred by failing to give appropriate weight to Appellant's testimony and evidence and then failed to shift the burden to Appellees to rebut Appellant's testimony.

[d.] The BTA and BOR erred by failing to remand to the Auditor or BOR to investigate whether Appellant's list of comparable properties would have aided the Auditor or BOR in rendering an appraisal and valuation of Appellant's properties by way of the market approach.

[e.] The Auditor's valuations lacked a factual basis and were not in accordance with the law, and principles of property appraisal, when the Auditor improperly used the cost approach to find value despite the potential had by the viable and appropriate comparison properties that were recent arm's-length sales in the immediate area, purchased and owned by Appellant, virtually identical in construction and appearance, and were offered by Appellant at the BOR and BTA proceedings.

[f.] The BTA erred by agreeing that use of the Gross Rent Multiplier was wrong but not remanding to the BOR and Auditor for further proceedings after being put on notice that comparable properties offered by the Appellant were viable and appropriate properties from which a market value could have been determined and reverting to the cost approach value originally assigned by the Auditor was unreasonable.

[g.] The BTA erred by failing to consider the recent mediated/stipulated values for the previous triennial as a basis for value as the agreed values had not changed because no improvements had been made to the properties and the negative conditions and unstable rental income persisted since the previous triennial.

[2.] The BTA's decision to revert back to the Auditor's valuation denies Appellant meaningful review under Ohio statutes and, in effect, denies appellant his due process right to appeal his

property taxes because reverting back to the Auditor's original value totally negates the statutory appellate process afforded by law.

## III. Discussion

{¶ 11} Gallick's first assignment of error, which generally asserts the BTA's decision was unreasonable and unlawful, contains seven subparts.[1] First, Gallick alleges the BTA erred in not assigning proper weight to evidence of comparable properties and then reducing the subject properties' values based on that evidence. Second, he asserts the BTA erred in not adequately considering the evidence of negative conditions in the neighborhoods of the subject properties and the impact those conditions have on the values of the properties. Third, he generally argues the BTA did not give appropriate weight to his testimony and erred by not shifting the burden to the BOE to rebut his testimony. Fourth, he argues the BTA erred in not remanding the matter to the auditor or BOR to investigate his comparable properties and to revalue the properties based on that information. Fifth, he argues the BTA erred in not finding the auditor's valuations lacked a factual basis and were not in accordance with law and property appraisal principles. Sixth, he argues the BTA erred in not remanding the matter to the BOR and the auditor for further proceedings after determining the BOR's use of the GRM was not supported by the record. Seventh, he argues the BTA erred in not considering the mediated values for the subject properties for the previous triennial as evidence of their value for 2014. In his second assignment of error, Gallick alleges the BTA violated his due process rights by finding that the true values of the subject properties are best reflected by the values initially determined by the auditor. Both of these assignments of error lack merit.

{¶ 12} Pursuant to Article XII, Section 2 of the Ohio Constitution, "[l]and and improvements thereon shall be taxed by a uniform rule according to value." "The Ohio legislature and Supreme Court have construed 'value' to mean 'true value.' " *Sears Roebuck & Co. v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 90AP-472 (Dec. 20, 1990).

---

[1] Gallick also challenges the BOR's valuations of the subject properties. He alleges the BOR, like the BTA, acted unreasonably and unlawfully in connection with the valuation of the subject properties. However, the BTA's decision is the only operative decision before us in this appeal because the BTA expressly rejected the BOR's valuations of the subject properties. Thus, while the BOR's determinations are pertinent aspects of the procedural history leading to the BTA's decision, we construe Gallick's assignments of error as only directly challenging the BTA's valuations.

Accordingly, "[c]ounty auditors are charged with assessing the 'true value' of real property." *Dublin City School Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 212, 2014-Ohio-1940, ¶ 25, citing R.C. 5713.01(B).

{¶ 13} A property owner dissatisfied with the value assigned to his property by the county auditor may contest that valuation by filing a complaint pursuant to R.C. 5715.19(A)(1). Such a complaint is presented to the BOR for review of the auditor's valuation. *Id.* Before the BOR, a taxpayer challenging the auditor's valuation of property carries the burden of proving entitlement to a reduction in value. *Piepho v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 13AP-818, 2014-Ohio-2908, ¶ 6. The BTA has jurisdiction over appeals from final determinations of the BOR. R.C. 5717.01. In an appeal to the BTA, the party challenging the BOR's decision has the burden to prove the party's proposed value is the true value of the property. *Sapina v. Cuyahoga Cty. Bd. of Revision*, 136 Ohio St.3d 188, 2013-Ohio-3028, ¶ 26.

{¶ 14} An appellate court may reverse a BTA decision only "when it affirmatively appears from the record that such decision is unreasonable or unlawful." *Witt Co. v. Hamilton Cty. Bd. of Revision*, 61 Ohio St.3d 155, 157 (1991). Thus, legal conclusions are reviewed de novo. *Terraza 8, L.L.C. v. Franklin Cty. Bd. of Revision*, 150 Ohio St.3d 527, 2017-Ohio-4415, ¶ 7; *see Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino*, 93 Ohio St.3d 231, 232 (2001) ("[W]e will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion."). As to factual findings, an appellate court may not substitute its judgment for that of the BTA. *Bethesda Healthcare, Inc. v. Wilkins*, 101 Ohio St.3d 420, 2004-Ohio-1749, ¶ 18. However, facts determined by the BTA must be supported by sufficient probative evidence. *First Baptist Church of Milford, Inc. v. Wilkins*, 110 Ohio St.3d 496, 2006-Ohio-4966, ¶ 9.

{¶ 15} Here, Gallick challenges the BTA's decision to reinstate the auditor's valuation determinations as to the subject properties for tax year 2014. "The best method of determining value, when such information is available, is an actual sale of such property between one who is willing to sell but not compelled to do so and one who is willing to buy but not compelled to do so." *State ex rel. Park Invest. Co. v. Bd. of Tax Appeals*, 175 Ohio St. 410, 412 (1964); *see Conalco, Inc. v. Monroe Cty. Bd. of Revision*, 50 Ohio St.2d 129 (1977), paragraph one of the syllabus ("[t]he best evidence of the 'true value in money' of

real property is an actual, recent sale of the property in an arm's-length transaction"). Because Gallick purchased the subject properties in 2009, there is no dispute that there was no recent arm's-length sales of the subject properties that would provide the best evidence of their values.

{¶ 16} In the absence of a recent arm's-length sale, "an appraisal becomes necessary." *Schutz v. Cuyahoga Cty. Bd. of Revision*, 153 Ohio St.3d 23, 2018-Ohio-1588, ¶ 11. Here, neither party submitted an expert appraisal of the subject properties. However, as Gallick correctly notes, an expert appraisal is not necessarily required. *Id.* at ¶ 12. A "nonexpert owner's opinion of value may support a valuation decision." *Id., see Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 140 Ohio St.3d 248, 2014-Ohio-3620, ¶ 18 (the owner-opinion rule provides an exception to the general rule that only an expert may express an opinion of value); *Smith v. Padgett*, 32 Ohio St.3d 344, 347 (1987) ("Ohio law has long recognized that an owner of either real or personal property is, by virtue of such ownership, competent to testify as to the market value of the property."); *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 152 Ohio St.3d 331, 2017-Ohio-8843, ¶ 18 ("Under the owner-opinion rule, an owner of real property is competent to testify about the market value of the property, even if he or she is not qualified as an expert").

{¶ 17} Gallick, as the owner of the subject properties, testified that he believed the auditor overvalued the subject properties based on the properties' neighborhood conditions and sales information regarding comparable properties that he also owns. After considering Gallick's testimony and documentation, the BTA viewed Gallick's attempt to value the subject properties based on his opinion as deficient. According to Gallick, the BTA did not give the appropriate weight to the evidence relating to the comparable properties. However, when the BTA reviews appraisals, it is vested with wide discretion in determining the weight to be given to the evidence and the credibility of the witnesses that come before it. *NWD 300 Spring, L.L.C. v. Franklin Cty. Bd. of Revision*, 151 Ohio St.3d 193, 2017-Ohio-7579, ¶ 13. We find the BTA's rejection of Gallick's opinion testimony concerning the values of the subject properties was reasonable and lawful. While Gallick provided enough information to determine the cost per rental unit of the comparable properties, and he generally described the relative conditions of the buildings on the various

properties, he did not make adjustments for the differences between the properties. The failure to analyze and make adjustments for meaningful differences between properties, such as the number of bedrooms and bathrooms, location, square-footage, interior and exterior condition, and age, reasonably negates the probative value of an appraisal. *See Moskowitz v. Cuyahoga Cty. Bd. of Revision*, 150 Ohio St.3d 69, 2017-Ohio-4002, ¶ 13 (although owner's opinion of value constituted competent evidence, the BTA acted reasonably and lawfully in rejecting owner's evidence because the owner did not adjust for the differences between the comparable properties and the subject property); *Kaiser v. Franklin Cty. Auditor*, 10th Dist. No. 10AP-909, 2012-Ohio-820, ¶ 18-19 (finding BOR and common pleas court did not have to rely on taxpayer's proposed comparable sales which did not account for meaningful differences between properties). Thus, Gallick's failure to make adjustments to relate the comparable properties to the subject properties was a reasonable and lawful basis for the BTA to reject his value opinions regarding the subject properties.

{¶ 18} We also reject Gallick's assertion that the BTA did not consider or properly weigh the evidence regarding the neighborhood conditions of the subject properties. Essentially, he argues that because the neighborhoods of the subject properties are crime-ridden, the auditor overvalued the subject properties. But his testimony regarding crime in the areas did not reasonably establish the specific financial impact of those negative conditions on the value of those properties. Any evidence of a defect in a property is inconsequential without a specific analysis of how that defect affects value. *Schutz, supra*, at ¶ 17. Therefore, the BTA reasonably found that Gallick's testimony regarding crime in the areas of the subject properties did not provide a probative basis for it to independently value the properties. Ultimately, Gallick did not meet his evidentiary burden in showing valuations different than those of the auditor.

{¶ 19} Gallick also challenges the BTA's decision not to consider new evidence regarding agreed-upon values of the subject properties for prior years. After the BTA had heard and initially decided the matter, Gallick requested reconsideration in part on the basis of information regarding values agreed-upon by the interested parties for the subject properties for tax years 2011, 2012, and 2013. The BTA rejected Gallick's request to consider the new evidence, and further found that, even if it considered that evidence, it

would give it no weight. This resolution of the issue was reasonable and lawful as those values were agreed-upon as part of a litigation settlement. "When the BTA makes a determination of true value for a given year, such determination is to be based on the evidence presented to it in that case, uncontrolled by the value assessed for prior years." *Freshwater v. Belmont Cty. Bd. of Revision*, 80 Ohio St.3d 26, 29 (1997); *see Schwartz v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. No. 106659, 2018-Ohio-4712, ¶ 38 (documents concerning settlement agreement as to property valuation for 2012, 2013, and 2014 tax years found not relevant to determining 2015 property value); *but see Sears, Roebuck & Co. v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 83AP-433 (Apr. 26, 1984) (1978 stipulated property value was relevant to determination of 1980 value). Therefore, even assuming the agreed-upon values for prior years, which were reached as part of a mediated settlement during litigation, could have been considered by the BTA, it was not unreasonable for the BTA to view that evidence as not probative given the context in which those valuations were reached.

{¶ 20} We also find unpersuasive Gallick's argument that the BTA should have remanded the matter to the BOR instead of reinstating the auditor's valuations for the subject properties. According to him, the auditor's valuations lacked a factual basis and did not comply with law and principles of property appraisal, and the reinstatement of those values denied him due process.

{¶ 21} " '[D]ue process' has never been, and perhaps can never be, precisely defined." *Lassiter v. Dept. of Social Servs. of Durham Cty., North Carolina*, 452 U.S. 18 (1981). It is "a flexible concept that varies depending on the importance attached to the interest at stake and the particular circumstances under which the deprivation may occur." *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, citing *Walters v. Natl. Assn. of Radiation Survivors*, 473 U.S. 305, 320 (1985). The fundamental requirements of due process are notice and the opportunity to be heard at a meaningful time and in a meaningful manner. *In re L.C.C.*, 10th Dist. No. 18AP-167, 2018-Ohio-4617, ¶ 42, citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

{¶ 22} Gallick argues he was denied his statutory due process right to appeal the auditor's property valuations because the BTA's reinstatement of those values negated that process. This argument fails. After receiving notice of the auditor's valuations of the subject

properties, Gallick filed complaints to challenge those valuations pursuant to R.C. 5715.19, and he was given the opportunity to present evidence in support of that challenge. He was provided the opportunity to present evidence before the BOR and the BTA to prove values different than those values determined by the auditor. Because he failed to meet his evidentiary burden, and because there was otherwise not enough evidence to independently value the properties, the BTA reinstated the auditor's values. Thus, the fact that Gallick did not meet his burden in challenging those valuations in the appeal process does not mean he was not afforded due process.

{¶ 23} Moreover, the BTA acted appropriately in reinstating the auditor's values. The "county's appraised value * * * forms in most cases a default valuation that must be preferred and adopted if the appellant before the BTA fails to prove a different value of the property." *Colonial Village, Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, ¶ 31. Thus, the county does not have the affirmative burden to establish as a general matter the accuracy of any appraisals that underlie its valuation of the property. *Id.* at ¶ 30; *see Wheeling Steel Corp. v. Evatt*, 143 Ohio St. 71 (1944), paragraph seven of the syllabus (auditor was not required to present evidence in support of his valuations because when a county auditor acts "within the limits of the jurisdiction conferred by law," the auditor's action is "presumed, in the absence of proof to the contrary, to be valid and to have been done in good faith and in the exercise of sound judgment."). An "exception to this general rule arises when the record affirmatively negates the validity of the county's valuation." *Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 193, 2013-Ohio-4543, ¶ 20.

{¶ 24} Here, the record does not affirmatively negate the validity of the county's valuations. The property record card for the Loretta Avenue property indicates the auditor used both the cost and market data (GRM) approaches to determine the property's value, and the property record card for the Livingston Avenue property indicates the auditor used the cost approach to determine that property's value. Gallick argues the auditor improperly used the cost approach and/or a GRM in valuing the properties despite the existence of comparable properties. He asserts the market approach, using comparable properties, was a more reliable indicator of value given the ages of the subject properties. He further argues that the BTA rejected the BOR's use of the GRM and therefore the auditor's use of the GRM

likewise should have been rejected. The cost approach and the use of the GRM as an adaptation of the market data approach are legally recognized methods of appraisal. *See* Ohio Adm.Code 5703-25-07(D) (identifying the market data approach (including the use of the GRM as an adaptation of that approach), the income approach, and the cost approach as the recognized three approaches an auditor may use to value properties). Further, the ages of the buildings on the properties did not render the cost approach per se inapplicable. *Musto v. Lorain Cty. Bd. of Revision*, 148 Ohio St.3d 456, 2016-Ohio-8058, ¶ 47. Moreover, the BTA's finding that the BOR's use of the GRM was not supported in the record and the BTA's stated general disfavor of the use of the GRM, do not render the auditor's use of that approach, in combination with the cost approach, unlawful. The auditor's valuations are presumed to be valid, whereas the BOR's determinations are not. *See Colonial Village Ltd.*, *supra*; *Johnson v. Clark Cty. Bd. of Revision*, ____ Ohio St.3d ____, 2018-Ohio-4390, ¶ 19 (BTA should not presume the validity of decisions of boards of revision).

{¶ 25} While Gallick contends the market approach is the best and most reliable approach to demonstrate the values of the subject properties, he ultimately failed to use that approach to meet his burden of proving those values. When the BTA finds that the owner has failed to prove a lower value and there is otherwise no evidence from which the BTA can independently determine value, the BTA "should * * * reinstate[] the county auditor's original valuation rather than remand[] the case to the BOR." *South-Western City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 152 Ohio St.3d 548, 2018-Ohio-919, ¶ 22; *HCP EMOH, L.L.C. v. Washington Cty. Bd. of Revision*, ____ Ohio St.3d ____, 2018-Ohio-4750, ¶ 25; *see Colonial Village Ltd.*, *supra*, at ¶ 23 (because "the board of revision (or auditor) bears no burden to offer proof of the accuracy of the appraisal on which the county initially relies * * * [the board of tax appeals] is justified in retaining the county's valuation of the property when an appellant fails to sustain its burden of proof."). Here, as discussed above, the BTA acted reasonably and lawfully in finding that Gallick failed to prove lower values and that no other competent and probative evidence in the record enabled it to independently determine value of the subject properties. Therefore, the BTA properly reinstated the auditor's valuations for the subject properties.

{¶ 26} For these reasons, we overrule Gallick's first and second assignments of error.

## IV.  Disposition

{¶ 27}  Having overruled Gallick's first and second assignments of error, we affirm the decision of the Ohio Board of Tax Appeals.

*Decision affirmed.*

KLATT, P.J., and BRUNNER, J., concur.

————————————