[Cite as *HSBC Bank USA, Natl. Assn. v. Rao*, 2021-Ohio-3745.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HSBC Bank USA, National Association as Trustee for Wells Fargo Home Equity Asset-Backed Securities 2005-1 Trust, Home Equity Asset-Backed Certificates, Series 2005-1, | : | |
| | : | |
| | : | No. 20AP-448 |
| Plaintiff-Appellee, | : | (C.P.C. No. 15CV-7168) |
| v. | : | (REGULAR CALENDAR) |
| Gita Rao et al., | : | |
| Defendants-Appellees, | : | |
| (Ganesh Rao, | : | |
| Defendant-Appellant). | : | |

D E C I S I O N

Rendered on October 21, 2021

**On brief:** *Lerner, Sampson & Rothfuss*, and *Rick D. DeBlasis*, for plaintiff-appellee. **Argued:** *Rick D. DeBlasis.*

**On brief:** *Gloria L. Smith, Attorney & Counselor at Law LLC*, and *Gloria L. Smith*, for appellant. **Argued:** *Gloria L. Smith.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Ganesh Rao, appeals from a decision and entry of the Franklin County Court of Common Pleas denying his motion to set aside the sheriff's sale and a decision and entry denying his motion to vacate the judgment entry and decree of foreclosure. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On August 17, 2015, plaintiff-appellee, HSBC Bank USA, National Association, as Trustee for Wells Fargo Home Equity Asset-Backed Securities 2005-1 Trust, Home Equity Asset-Backed Certificates, Series 2005-1 ("HSBC"), filed a complaint in foreclosure related to payment default on a mortgage loan with a principal balance of $282,019.72. Along with the complaint, HSBC filed copies of the indorsed note and mortgage signed by Rao and his wife, an assignment of mortgage to HSBC, and federal tax liens against the property in the amount of approximately $300,000. The mortgage encumbers the real property located at 7337 Clover Park Way, Dublin, Ohio ("the property"). Acknowledging that both Rao and his wife had previously received a discharge of their debts in United States Bankruptcy Court, HSBC sought in rem relief only. Additionally, HSBC named several other defendants in the complaint alleging that, in addition to the federal tax liens, the property had numerous other mortgages, judgment liens, and state tax liens filed against it.

{¶ 3} Rao, who proceeded pro se throughout the trial court proceedings, did not file an answer to the complaint. However, the trial court ordered the proceedings stayed after Rao filed a Chapter 13 bankruptcy petition with the United States Bankruptcy Court on March 23, 2016. After the trial court reinstated the case on February 22, 2017, Rao again sought to stay the proceedings by motion filed July 26, 2017. Subsequently, HSBC filed a motion for default judgment on August 17, 2017 and a motion for summary judgment on August 24, 2017 arguing it was entitled to in rem judgment and decree in foreclosure as a matter of law. The trial court then issued a September 26, 2017 decision and entry denying Rao's motion to stay but granting him 30 days to secure counsel and respond to HSBC's pending motion for default and/or summary judgment against him.

{¶ 4} On October 29, 2017, Rao filed another pro se motion to stay the proceedings. The trial court denied the motion to stay in an October 30, 2017 decision and entry. That same day, the trial court issued a decision and entry denying as moot HSBC's motion for default judgment and granting HSBC's motion for summary judgment, finding HSBC is entitled to in rem judgment and decree of foreclosure as a matter of law. Subsequently, on November 2, 2017, the trial court issued a finding and decree in foreclosure.

{¶ 5}   Rao then filed a motion on November 18, 2017 seeking to stay the proceedings and to set aside the judgment of foreclosure pursuant to Civ.R. 60(B).  Rao also filed a notice of appeal from the decree of foreclosure.  Based on Rao's notice of appeal, the trial court held Rao's Civ.R. 60(B) motion in abeyance.  Several weeks later, Rao filed a motion to stay the sheriff's sale pending appeal. HSBC responded seeking a supersedeas bond.  This court then issued a January 16, 2018 order staying enforcement of the trial court's foreclosure decree subject to Rao posting a supersedeas bond in the amount of $25,000 no later than January 18, 2018.

{¶ 6}   Rao failed to post a supersedeas bond.  Thus, HSBC caused the property to be sold at sheriff's sale on July 6, 2018.  The trial court confirmed the sheriff's sale on August 15, 2018.  In the interim, this court dismissed Rao's appeal from the decree of foreclosure for failure to file an appellate brief.

{¶ 7}   On March 4, 2019, the trial court issued a decision and entry vacating, pursuant to HSBC's motion, the confirmation entry and the sale, noting the purchaser at the July 6, 2018 sheriff's sale failed to complete its bid.  HSBC subsequently sought a new order of the sale of the property.  Rao once again filed a motion to stay and a Civ.R. 60(B) motion for relief from judgment, and the trial court overruled both motions in an April 17, 2019 decision and entry.

{¶ 8}   A second sale of the property occurred November 15, 2019 where the property was once again sold to a third party.  The purchaser information form completed following the sale indicates the purchaser's address as the same as the purchaser from the first sheriff's sale of the property.  The form also listed Rao as the contact person for the purchase of the property.  The trial court confirmed the second sale in a January 21, 2020 entry, listing Rao as the purchaser.  After the purchaser amended its purchaser information form, the trial court issued a March 6, 2020 nunc pro tunc entry confirming the sale, updating the entry to reflect the purchaser's name to be Innovation Hospitality Group, LLC.

{¶ 9}   On April 17, 2020, Rao filed a motion to set aside the sheriff's sale.  Attached to his motion, Rao included a letter from his loan servicer, dated March 11, 2020, advising Rao that servicing of his loan had been transferred and that Rao should direct future payments and correspondence to a new loan servicer.  Rao also filed documents indicating he made a payment to his loan servicer on March 17, 2020.  Based on these documents, Rao

argued he was engaged in loss mitigation with the new loan servicer. He also noted Franklin County had stayed foreclosures due to the COVID-19 pandemic. HSBC filed a memorandum in opposition on June 19, 2020. The trial court denied Rao's motion in an August 25, 2020 decision and entry, finding the sheriff's sale had been completed and confirmed prior to the loan servicing transfer and COVID-19 foreclosure hold, and noting Rao presented no legal basis to set aside the sale.

{¶ 10} While his motion to set aside the sheriff's sale was still pending, Rao also filed, on June 20, 2020, a third motion to vacate the judgment of foreclosure pursuant to Civ.R. 60(B). Rao relied on the same arguments he advanced in support of his motion to set aside the sheriff's sale, and he additionally included several news articles detailing various allegations against his first loan servicer. HSBC opposed the motion. In an August 25, 2020 decision and entry, the trial court denied Rao's motion to vacate the judgment of foreclosure, finding Rao's allegations to be unsupported, untimely, and lacking any reference to the grounds for relief set forth in Civ.R. 60(B). Rao timely appeals from both of the trial court's August 25, 2020 entries.

## II. Assignments of Error

{¶ 11} Rao assigns the following errors for our review:

[1.] The trial court abused its discretion when it denied the motion to set aside Sheriff's sale filed April 17, 2020.

[2.] The trial court abused its discretion when it denied the motion to vacate judgment and foreclosure filed June 20, 2020.

## III. Standard of Review and Applicable Law

{¶ 12} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must satisfy a three-prong test. The movant must demonstrate (1) it has a meritorious defense or claim to present if relief is granted; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, when relying on a ground set forth in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. There will be no relief if the movant fails to satisfy

any one of the prongs of the *GTE* test. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for an abuse of discretion. *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, ¶ 7; *Oberkonz v. Gosha*, 10th Dist. No. 02AP-237, 2002-Ohio-5572, ¶ 12. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 13} A party filing a motion for relief from judgment pursuant to Civ.R. 60(B) is not automatically entitled to a hearing on the motion. *Canel v. Holland*, 10th Dist. No. 19AP-570, 2020-Ohio-4797, ¶ 13, citing *Davis v. Davis*, 10th Dist. No. 15AP-1078, 2016-Ohio-7790, ¶ 13. As this court has stated, "if the Civ.R. 60(B) motion contains allegations of operative facts that would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion." *Mattingly v. Deveaux*, 10th Dist. No. 03AP-793, 2004-Ohio-2506, ¶ 7. "Conversely, '[i]f the material submitted by the movant in support of a motion for relief from judgment under [Civ.R. 60(B)] contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing.' " *U.S. Bank Natl. Assn. v. Lewis*, 10th Dist. No. 18AP-550, 2019-Ohio-3014, ¶ 28, quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97 (8th Dist.1974), paragraph four of the syllabus.

## IV. First Assignment of Error – Motion to Set Aside Sheriff's Sale

{¶ 14} In his first assignment of error, Rao argues the trial court abused its discretion in denying his April 17, 2020 motion to set aside the sheriff's sale. The trial court construed Rao's motion as a motion for relief from judgment, and we will similarly construe Rao's motion as one filed pursuant to Civ.R. 60(B). *See, e.g., State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12 (noting "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged"); *Gill v. Grafton Corr. Inst.*, 10th Dist. No. 04AP-1353, 2005-Ohio-3097, ¶ 21 (trial court has discretion to consider motions as written or to recast motions into the necessary category); *Fredebaugh Well Drilling, Inc. v. Brower Contracting*, 11th Dist. No. 2004-A-0061, 2005-Ohio-6084, ¶ 14 ("a trial court may, in its discretion, construe an improperly captioned post-judgment motion as though it were a proper vehicle if it otherwise satisfies

the necessary requirements of the vehicle," and, therefore, considering the motion as a properly cast Civ.R. 60(B) motion). Here, Rao asserts the trial court abused its discretion in denying his motion without first holding a hearing.

{¶ 15} Though Rao argues on appeal that he was still living in the property and making payments on the mortgage, Rao did not allege in his motion to vacate the sheriff's sale that he was still living in the property. Indeed, his motion to vacate the sheriff's sale does not contain any operative facts that would warrant a hearing on his Civ.R. 60(B) motion. Instead, his April 17, 2020 motion identifies a letter from his new loan servicer dated four months after the property had been sold at sheriff's sale and two months after the trial court confirmed the sale. Rao also included documentation that he had made a single payment to the new loan servicer, again after the judgment of foreclosure, sale of the property, and subsequent court confirmation of the sale. Additionally, Rao stated in his motion that his new loan servicer informed him that any potential foreclosure or sale would be on hold due to the COVID-19 pandemic.

{¶ 16} Despite these allegations, Rao does not identify in his motion how any of these circumstances apply to the already completed sale of the property such that he would be entitled to relief from judgment under Civ.R. 60(B). The foreclosure sale of the property had already been finalized by the time Rao received the letter from his new loan servicer and submitted any payment, and Rao does not explain how either the federal or local COVID-19 stays on foreclosure sales, both issued after the finalization of the sale of the property here, would apply to a foreclosure sale that had already been completed. Rao makes no allegation that the sale of the property, itself, suffered from any deficiencies that would entitle him to a hearing on his Civ.R. 60(B) motion.[1] For these reasons, the trial

---

[1] More than a month after this court heard oral arguments in this matter, Rao, without seeking leave and without explanation, filed two documents with this court. One document, filed September 22, 2021, bears the caption "Notice Notifying the Courts on the Class Action Filings and Settlement Impacted the Home Owners on Foreclosure by Wells Fargo Bank on Mortgage Modification and Practices Denial of Trial Modifications, Case No 1:19-CV-638, Similarly Impacted the Case 15CV007168." The second document, filed September 23, 2021, is captioned "Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement" and is from case No. 1:19-CV-638 in the United States District Court of Southern District of Ohio Western Division. To the extent Rao intended to rely on these documents in support of his arguments related to his Civ.R. 60(B) motions filed in the trial court, we are mindful that these documents were not part of the record before the trial court and, therefore, we will not consider the documents in our disposition of his appeal. *Gallick v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 17AP-811, 2019-Ohio-485,

court did not abuse its discretion in denying Rao's motion to vacate the sheriff's sale without a hearing. We overrule Rao's first assignment of error.

## V. Second Assignment of Error – Motion to Vacate Judgment

{¶ 17} In his second assignment of error, Rao argues the trial court abused its discretion in denying his Civ.R. 60(B) motion to vacate the judgment of foreclosure without first holding a hearing.

{¶ 18} Rao filed his motion to vacate the judgment of foreclosure on June 20, 2020. Though he did not specify what grounds under Civ.R. 60(B)(1) through (5) would entitle him to relief, he stated in his motion that he wanted to "bring to [the trial court's] attention" several events that occurred after the confirmation of sale of the property. (June 20, 2020 Mot. to Vacate at 1.) First, Rao noted that he received correspondence from a new loan servicer indicating that, beginning April 1, 2020, the subject mortgage had been transferred and that Wells Fargo no longer had any interest in the mortgage. He alleged he remitted payment to his new loan servicer for the April 1, 2020 payment and that he also remitted payment for May and June 2020. Based on this information, Rao alleged that Wells Fargo could not foreclose the property because it no longer had any interest in the property. Additionally, Rao stated that the new loan servicer notified him that any foreclosure or sale of the property would be on hold for 90 days, with the possibility of further extensions, due to federal and state regulations related to foreclosures during the COVID-19 pandemic. He stated the new loan servicer asked him to submit a loan modification pursuant to the federal legislation. In support of his motion, Rao filed two news articles related to Wells Fargo's involvement in separate lawsuits.

{¶ 19} The trial court determined Rao's Civ.R. 60(B) motion to vacate the judgment of foreclosure failed based on Rao's failure to allege he had a meritorious defense to the foreclosure action. We agree. The trial court issued the foreclosure decree on November 2, 2017. As detailed above, the property was subsequently sold at sheriff's sale on November 15, 2019, the trial court confirmed the sale on January 21, 2020, and the trial court issued the amended confirmation of the sale on March 6, 2020. Although Rao alleges

---

¶ 9, citing *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13 ("a bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial").

in his motion that he received correspondence from a new mortgage servicer on March 11, 2020, Rao makes no allegation that he made any payments before the trial court finalized either the decree of foreclosure or the confirmation of sale. Indeed, the January 21, 2020 confirmation entry ordered the clerk to release a certified copy of the confirmation entry to discharge the mortgage to Wells Fargo Bank, N.A. and ordered the balance of the proceeds be paid to HSBC.

{¶ 20} Further, though Rao alleged in his motion that the new loan servicer asked him to submit a loan modification plan, Rao made no additional allegation that he actually submitted the loan modification or that either the new loan servicer or HSBC approved or accepted the plan. Additionally, given the trial court's January 21, 2020 order to release the mortgage to Wells Fargo Bank, N.A., Rao provides no explanation for how his alleged payments to his new loan servicer or the request of the new loan servicer for him to submit a loan modification have any impact on the already released mortgage and the foreclosed property.

{¶ 21} Finally, Rao's references to the foreclosure moratorium through the Federal Housing Administration ("FHA") do not provide him with a meritorious defense to the foreclosure action. Here, the loan was not insured by the FHA. Additionally, Rao does not explain how either the federal or state foreclosure moratoriums would apply to a decree of foreclosure and confirmation of sale entered prior to the enactment of these policies.

{¶ 22} During the more than four years that elapsed from HSBC's filing of the foreclosure complaint to the trial court's issuance of the amended confirmation entry, Rao was in default on his mortgage and made no payments. He does not explain how any of the activity he alleges occurred after the court's finalization of both the foreclosure decree and confirmation of sale provide him with a meritorious defense to the foreclosure action. Given his failure to set forth, in his Civ.R. 60(B) motion, allegations of operative fact that would provide him with a meritorious defense to the foreclosure action, the trial court did not abuse its discretion in denying Rao's motion without a hearing. We overrule Rao's second and final assignment of error.

## VI. Disposition

{¶ 23} Based on the foregoing reasons, the trial court did not abuse its discretion in denying Rao's two Civ.R. 60(B) motions seeking to vacate both the sheriff's sale and the

foreclosure decree.   Having overruled Rao's two assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

KLATT and JAMISON, JJ., concur.

————————————